COPY

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**COMPLAINT TO SEARCH AND SEIZE PROPERTY/OR PERSON**

To Stephen P. Erickson Justice of the Supreme, Superior Court, or Judge of the District Court of the State of Rhode Island.

a) Detective Michael C. Rego, of the Newport Police Department.

b) Detective Michael C. Rego, ___ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses.

ON OATH COMPLAINS THAT:

(1) Certain property has been stolen or embezzled or obtained by false pretense, or pretenses, with intent to cheat or defraud within this sate or elsewhere;

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law; **Marijuana** and any articles relating to the sale of illegal narcotics and any monies derived from the sale of illegal narcotics and any safes, or "lock boxes" and any devices designed to monitor the exterior of the building.

(3) Certain property is designed or intended for use or is or has been used in violation of law, or as a means of committing a violation of law;

and prays that a warrant to search for a seize said property/person be issued and if the same be subject to forfeiture. That the property be forfeited.

**The person/property and articles to be searched for and/or seized is;**
**Marijuana** and any articles relating to the sale and or use of illegal narcotics and any monies derived from the sale of illegal narcotics, and any articles relating to the sale and or use of illegal narcotics and any monies derived from the sale of illegal narcotics and any safes or "lock boxes" and any devices designed to monitor the exterior of the building.

**The name of the keeper, thereof (if known) is:**
Benjamin B. BENIGNO ([redacted])
Chanel A. SOSA ([redacted])
**The place and person to be searched is described as follows:**
120 Carroll Avenue Newport, RI

Your complainant prays that said warrant may be served in the day time and or nighttime for the reason that, 24 hour warrant: informant information and surveillance conducted by your affiant concludes that the target of this investigation utilizes the cover of darkness to conceal his illegal narcotics activity.

Subscribed and sworn to before me: Date February 17, 2008

Judge/Justice

Det. Michael C. Rego

Complainant

COPY

# SEARCH WARRANT

State City/Town Newport

| | County Newport |
|---|---|
| Vs:<br>Benjamin B. BENIGNO [redacted]<br>Chanel A. SOSA [redacted] | To: An Officer authorized by law to execute warrant within |

Complaint and affidavit having been made to me under oath, and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the Second District Court of Rhode Island.

**Place and person to be searched:**
120 Carroll Avenue Newport, RI

**Property and articles to be searched for:**
Marijuana and any articles relating to the sale of illegal narcotics and any monies derived from the sale of illegal narcotics, and any articles relating to the sale of illegal narcotics and any monies derived from the sale of illegal narcotics and any safes or "lock boxes" and any devices designed to monitor the exterior of the building.

**Name of keeper, thereof if known to complainant:**
Benjamin B. BENIGNO [redacted] Chanel A. SOSA [redacted]

Said warrant may be served in the ~~daytime~~ nighttime (EAE) within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A CLERK OF THE DISTRICT COURT.
Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not to MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A CLERK THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a clerk sitting in the above named court.
Issued at Newport in the county of Newport the 17th day of February 2008

Judge of the District Court

## ACKNOWLEDGMENT OF RETURN

Warrant received on ______________ day of ______________ 2008, from ______________ At ______________

______________
**Clerk**

**AFFIDAVIT**
**(Page 1 of 2)**

Your Affiant upon oath states that he has reason to believe and does believe that grounds for a search warrant exist and states the following facts on which such belief is founded on the following affidavit.

Your Affiant has been a member of the Newport Police Department for over 14 years, and a Detective for the past 8 years. I have received special training in the areas of narcotics investigations and the handling of confidential informants. I have worked with a number of confidential informants, which has resulted in numerous convictions for violations of the states Uniform Controlled Substance Act.

During the past months, Detectives of the Newport Police Departments Narcotics Unit have received information in regards to narcotics trafficking activities happening at 120 Carroll Avenue Newport, RI.

Within the past three weeks, your Affiant received information from an individual who wished to remain anonymous, but had intimate knowledge about the activities of residents of 120 Carroll Avenue, Benjamin B. Benigno [redacted] and Chanel A. Sosa [redacted]. The anonymous complainant stated that there is an unusual amount of people coming in and out of 120 Carroll Avenue. The majority of the activity takes place in the late night / early morning hours. The anonymous complainant further stated that Benigno is growing Marijuana inside 120 Carroll Avenue.

Within the last month, I have cultivated a Confidential Informant (C/I#1). The C/I#1 has provided me with reliable and credible information. C/I#1 stated that within the last two weeks, he / she has been inside 120 Carroll Avenue and witnessed several individuals purchase Marijuana from Benigno inside 120 Carroll Avenue. C/I#1 also stated that several individuals told him / her that Benigno has a "Marijuana grow" inside 120 Carroll Avenue. A controlled Marijuana buy, with C/I#1, was arranged to take place on 02/07/08. C/I#1 was unable to make the controlled buy.

On 02/17/08, at approximately 1646 hours, Nancy K. Morris ([redacted]) and Lorraine D Perry [redacted] came to the Newport Police station. Both Nancy and Lorraine expressed grave concern for the well being of Benigno's son, Christian. Nancy is the grandmother of Christian. Nancy's deceased daughter, Tonya Morris, and Benigno are the parents of Christian. At approximately 1600 hours, Nancy and Lorraine went to 120 Carroll Avenue to drop Christian off to Benigno. When they arrived, they noticed Benigno appeared to be "High" or under the influence of Marijuana. Benigno's eyes were red and "blood shot" and he appeared slow and lethargic in his speech and mannerisms. The house smelled of burning Marijuana. Nancy did not feel comfortable leaving Christian under Benigno's care. Benigno also has an infant child in his care. Nancy then called Benigno's mother Margaret Benigno and advised her of her concerns. Nancy arranged for Margaret to come to 120 Carroll Avenue to assist with the children. Nancy and Lorraine went to the Newport Police Station to report the incident.

At approximately 1654 hours, Officers Anson Smith and Ryan Doyle responded to 120 Carroll Avenue to further investigate the incident. Benigno met Officer's Smith and Doyle at the door. The Officers explained to Benigno the reason they were there. Benigno asked the Officers to come inside the residence. The Officers immediately noticed a strong, damp, pungent smell as well as an odor of freshly burnt Marijuana and incense. The Officers noticed Margaret Benigno, and Debbie Scott, a friend of Margaret, as well as Christian and Benigno's other child Indica (a 9 month old female). Officer Smith located a "Marijuana pipe" on the kitchen counter with an amount of Marijuana (which later tested POSITIVE for Marijuana) inside of the pipe. Benigno was arrested.

**Affidavit**
**(Page 2 of 2)**

The Officers then asked Margaret and Debbie if they knew if anyone else was in the house. They stated they did not because they arrived just before the Officers did. The Officers could hear some movement on the second floor. The Officer then went to the second floor to determine if there was anyone else in the residence. Officer Smith then noticed what appeared to be Marijuana plants growing in the room at the North West corner. The Officers found a cat running around on the second floor and no one else. The Officers secured the residence and allowed Margaret and Debbie to take some clothing for the children and they left 120 Carroll Avenue.

The Officers noticed one locked bedroom on the South East corner of the residence. The Officers could hear machinery operating in the room.

Members of the Vice / Narcotics Unit have conducted periodic surveillance of 120 Carroll Avenue and observed Benigno and Sosa coming and going from the residence and known drug traffickers coming and going into the residence at nighttime hours. From past experience and training, Narcotics activity primarily is conducted in the nighttime hours, under the cover of darkness.

Based on the aforementioned information, I believe that Benjamin B. Benigno ([redacted]) and Chanel A. Sosa ([redacted]) are using 120 Carroll Avenue Newport, RI as a base of operation for Marijuana trafficking. I request to search 120 Carroll Avenue Newport, RI for Marijuana, Marijuana plants, safes, "lock boxes", packaging material, ledgers, currency and any and all goods, derived from the illegal sales of narcotics.

**Date**
February 17, 2008

**Affiant**
Detective Michael C. Rego

Newport SC. In Newport this 17th day of February 2008, before me personally came Det. Michael C. Rego and made oath to the truth of the foregoing.

**Judge of the District Court**